Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EASTMAN CHEMICAL COMPANY

      Plaintiff,

      - against -

A. P. MOLLER-MAERSK A/S d/b/a MAERSK LINE.

      Defendant.
------------------------------------------------------------X

17 Civ.

**COMPLAINT**

      Plaintiff, EASTMAN CHEMICAL COMPANY, by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

### PARTIES

      2.    At all material times, EASTMAN CHEMICAL COMPANY (hereinafter "Eastman" or "Plaintiff") was and is a corporation with an office and place of business located at 200 South Wilcox Drive, Kingsport, TN 37660, and is shipper and owner of a consignment of 560 Bags Eastman Tritan CoPolyester, as more specifically described below.

      3.    At all material times, defendant, A.P. MOLLER MAERSK A/S d/b/a MAERSK LINE. (hereinafter "Defendant" or "Maersk") was and is a corporation with an office and place

of business located at 180 Park Avenue, Florham Park, New Jersey 07932 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

4. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

5. On or about January 9, 2016, a consignment consisting of 560 Bags Eastman Tritan CoPolyester, laden in container number MSKU5944040, then being in good order and condition, was delivered to the M/V ALBERT MAERSK and to Maersk and/or its agents in Charleston, South Carolina for transportation to Hong Kong, all in consideration of an agreed upon freight, all pursuant to Maersk bill of lading number MAEU 604330945 dated January 9, 2016.

6. Thereafter, the aforementioned container was loaded aboard the M/V ALBERT MAERSK and the vessel departed Charleston, South Carolina on or about January 9, 2016.

7. On or about February 26, 2016 the subject container was discharged in Hong Kong. During discharge operations the container suffered physical damage due to mishandling by terminal personnel. The mishandling resulted in physical damage to 52 bags of the Eastman Tritan CoPolyester.

8. The sound cargo, plus the damaged bags and sweepings of product that had spilt from the damaged bags were all removed from container MSKU5944040 and were re-stowed into container PONU0266742 at the marine terminal in Hong Kong in order that the cargo could be delivered to the intended receiver.

9. When the container was delivered to the designated receiver it was discovered that the cargo was not in the same good order and condition as when first delivered to Maersk due to Maersk's failure to properly care for the cargo during transit. The cargo in the 52 damaged bags was rejected by the intended receiver and is considered to be a total loss.

10. The physical damage sustained to the cargo was due to the failure of Maersk and/or its subcontractors to properly care for the cargo during the transit.

11. The invoice value of the cargo in the 52 damaged bags is in the amount of $6,120.40.

12. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $6,120.40.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

13. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 12, inclusive, as if herein set forth at length.

14. Pursuant to the contract entered into between the parties, defendant owed a contractual and statutory duty to the Plaintiff, to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

15. The defendant breached its contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

16. As a direct and proximate result of said breach of contract by defendant, the Plaintiff has suffered damages in the amount presently estimated to be no less than $6,120.40.

17. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $6,120.40.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

18. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 17, inclusive, as if herein set forth at length.

19. Pursuant to its obligations as a bailee for hire of the Plaintiff's cargo, the defendant owed contractual and statutory duties to Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

20. The defendant breached its duties as a bailee for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

21. As a direct and proximate result of the breach of bailment by the Defendant, the Plaintiff has suffered damages in the approximate amount of $6,120.40.

22. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $6,120.40.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

23. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 22, inclusive, as if herein set forth at length.

24. The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

25. The Defendant breached and was negligent in its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

26. As a direct and proximate result of the negligence by the Defendant, the Plaintiff has suffered damages in the approximate amount of $6,120.40.

27. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $6,120.40.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $6,120.40, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
      April 21, 2017
      115-1422

                              CASEY & BARNETT, LLC
                              Attorneys for Plaintiff

By: _____
     Martin F. Casey
     305 Broadway, Ste 1202
     New York, New York 10010
     (212) 286-0225